706 P.2d 1244

**The STATE of Arizona, Appellee,**

v.

**Alice Elenore NIEUWENHUIS, Appellant.**

**No. 2 CA–CR 3775.**

Court of Appeals of Arizona, Division 2, Department B.

July 24, 1985.

Rehearing Denied Sept. 12, 1985.

478

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jack Roberts, Phoenix, for appellee.

Law Offices of Keller & Postero by Nancy Grey Postero, Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

In this case Alice Elenore Nieuwenhuis, having pled guilty to possession of marijuana for sale, a class 4 felony, was placed on three years' probation. Following her arrest on a charge of conspiracy to distribute cocaine and following a probation revocation hearing, the court found that she had violated the conditions of probation and sentenced her to a four-year presumptive term to be served concurrently with the federal sentence imposed on the conspiracy offense.

The facts introduced as evidence at the probation revocation hearing, through the testimony of a DEA agent and tape recordings, concerned conversations between individuals in Canada and Tucson, intercepted in Canada from wiretaps set up by Canadian police regarding the purchase of drugs. Nieuwenhuis was implicated in those conversations and was a party to some of the conversations. A member of the Royal Canadian Mounted Police called the Tucson agent to relay the information; they exchanged information, and DEA began surveillance in Tucson. As a result of the Mountie's wiretap information and DEA surveillance, the agent obtained a search warrant and seized drugs from a truck bearing Canadian plates. Individuals in Tucson and Canada were indicted as a result of the wiretap information. The trial court denied Nieuwenhuis's motion to suppress the drugs seized, and she appeals arguing the trial court erred in admitting evidence resulting from the wiretaps, as unauthorized by federal wiretap statutes and in violation of the Fourth Amendment.

We disagree and affirm.

The Fourth Amendment does not apply to probation revocation proceedings, *State v. Alfaro*, 127 Ariz. 578, 623 P.2d 8 (1980), or to foreign searches made by foreign officials even if the persons arrested or from whom the evidence is seized are American citizens. *U.S. v. Rose*, 570 F.2d 1358, 1361, 1362 (9th Cir.1978). The Canadian authorities initiated the wiretaps in Canada as part of their own, independent drug investigation. As a result of information obtained from the wiretaps, the DEA began its own investigation.

Nieuwenhuis does not argue that the wiretapping violated any Canadian statutes or was otherwise of such a grievous nature as to shock the judicial conscience so as to require exclusion of the evidence. In addition, although there was an exchange of information concerning the separate investigations, there is no evidence of a "joint venture" or any showing that the foreign authorities were acting as agents for the DEA. *U.S. v. Rose, supra* at 1362; *U.S. v. Morrow*, 537 F.2d 120, 139 (2d Cir.1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *Stonehill v. U.S.*, 405 F.2d 738, 743 (9th Cir.1968), *cert. denied*, 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747 (1969).

Nieuwenhuis's argument concerning the violation of federal wiretapping provisions also fails. Federal statutes generally apply only within the territorial jurisdiction of the United States. *U.S. v. Cotroni*, 527 F.2d 708, 711 (2d Cir.1975), *cert. denied*, 426 U.S. 906, 96 S.Ct. 2226, 48 L.Ed.2d 830 (1976). The federal statute governing wiretapping has no application outside the United States. *U.S. v. Toscanino*, 500 F.2d 267, 279 (2d Cir.1974). The location of the "interception" determines the applicability of the federal wiretap statute because interception involves acquiring the contents of the wire or oral communica-

tions through use of the electronic, mechanical or other device. The "interception" took place in Canada, and the trial court was correct in denying Nieuwenhuis's motion to suppress even though one of the parties to the conversation was in Tucson. *See Stowe v. Devoy*, 588 F.2d 336, 341 n. 11 and 12 (2d Cir.1978), *cert. denied*, 442 U.S. 931, 99 S.Ct. 2862, 61 L.Ed.2d 299 (1979); 18 U.S.C. § 2510(4).

Affirmed.

HATHAWAY, P.J., and LIVERMORE, J., concur.